```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/3/12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
PAMELA QUINTERO,

        Plaintiff,

  -v.-

RITE AID OF NEW YORK, INC.,

        Defendant.
----------------------------------------------------------------x

09 Civ. 6084 (JLC)

OPINION AND ORDER

**JAMES L. COTT, United States Magistrate Judge.**

Following the Court's Opinion and Order granting in part and denying in part Defendant Rite Aid's Motion for Summary Judgment, Plaintiff Pamela Quintero has moved pursuant to Local Civil Rule 6.3 for reconsideration of the Court's dismissal of her state law discrimination claims. For the reasons discussed below, Quintero's motion for reconsideration is denied.

## I. BACKGROUND

The facts of this case were described fully in the Court's Opinion and Order dated November 10, 2011 (the "Opinion"), see Quintero v. Rite Aid of New York, Inc., No. 09 Civ. 6084 (JLC), 2011 WL 5529818 (S.D.N.Y. Nov. 10, 2011), familiarity with which is assumed. Quintero, who was employed at a Rite Aid store in Carmel, New York in 2007, filed the Complaint in this action on July 6, 2009. (See Complaint dated July 6, 2009 ("Compl.") (Dkt. No. 1)).[1] Quintero alleges that during her employment, she was discriminated against on the basis of two disabilities—a seizure disorder and a learning disability—in violation of the Americans with Disabilities Act ("ADA") and the New York State Human Rights Law

---

[1] The numbering of paragraphs in the Complaint does not proceed sequentially, such that a handful of paragraph numbers are repeated. For clarity, paragraph numbers that are used more than once in the Complaint will be referred to as "Compl. ¶ __ (p. __)."

USDC SDNY
DATE SCANNED 1/3/12

1

("NYSHRL"). Quintero contends that she was discriminated against by being subjected to unequal terms and conditions of employment, a hostile work environment, retaliation, and unlawful termination. (Compl. ¶ 1 (p. 4), 13-19).

On November 10, 2011, the Court issued the Opinion adjudicating Rite Aid's motion for summary judgment. In the Opinion, the Court granted summary judgment as to Quintero's federal unequal terms and conditions, hostile work environment, and termination claims because Quintero could not establish that she was disabled within the meaning of the ADA during the relevant time period. See Quintero, 2011 WL 5529818, at *16, 18. The Court denied summary judgment on Quintero's federal retaliation claim due to a factual dispute as to whether Quintero was terminated from her employment. See id. at *16-18. With respect to Quintero's state law discrimination claims, the Court granted summary judgment by finding that Quintero had abandoned those claims because she "failed to address her state law claims in any manner in the opposition to the motion for summary judgment[.]" Id. at *19.

On November 18, 2011, Quintero timely filed a Motion for Reconsideration as to the Court's dismissal of her state law claims on the basis of abandonment. (See Plaintiff's Memorandum of Law in Support of Motion for Reconsideration, dated Nov. 18, 2011 ("Pl. R. Mem.") (Dkt. No. 42)). Rite Aid filed an opposition on December 19, 2011. (See Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Reconsideration, dated Dec. 18, 2011 ("Def. R. Mem.") (Dkt. No. 44)). Quintero filed a reply on December 22, 2011. (See Plaintiff's Reply Memorandum of Law in Support of Motion for Reconsideration, dated Dec. 22, 2011 (Dkt. No. 45)).

## II. DISCUSSION

Under Local Civil Rule 6.3, a party may move for reconsideration as to "matters or controlling decisions which counsel believes the Court has overlooked." The standard for granting a motion for reconsideration is strict, as such motions "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citation and quotation marks omitted). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided[,]" Shrader, 70 F.3d at 257, or where "a losing party examin[es] a decision and then plug[s] the gaps of a lost motion with additional matters." Families for Freedom v. U.S. Customs & Border Prot., No. 10 Civ. 2705 (SAS), 2011 WL 4599592, at *2 (S.D.N.Y. Sept. 30, 2011) (citations and quotation marks omitted).

Quintero asserts that the Court's decision granting Rite Aid's motion for summary judgment as to her state law claims on the grounds of abandonment misapplies and overlooks applicable law. (Pl. R. Mem. at 5). Quintero argues that while Rite Aid asserted arguments in its moving papers that she was not disabled under the meaning of the ADA, it failed to make a similar argument under the NYSHRL. Consequently, Quintero avers, under the well-established summary judgment standard that places the burden of demonstrating entitlement to summary judgment on the moving party, see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), she "was not obligated to discuss her state law claims separately." (Pl. R. Mem. at 6). Quintero

3

maintains that the Court's finding of abandonment, absent a determination that Rite Aid was entitled to summary judgment under state law, amounts to a finding of "default" summary judgment. (Id.).

Quintero's arguments for reconsideration do not support the Court's reinstating her state law discrimination claims. Rite Aid moved for "[c]omplete [d]ismissal" of the Complaint (Def. Mem. at 4) and set forth the elements of a "prima facie case of discrimination under the ADA or [the NYSHRL]" (Id. at 6), thereby obligating Quintero to present arguments under both federal and state law. In her opposition brief, Quintero acknowledged that the "framework for a case of discrimination under the [ADA] is quite similar to the framework set out in McDonnell Douglas Corp. v. Green[, 411 U.S. 792 (1973),]" which requires that the "plaintiff must first establish a prima facie of case [sic] discrimination by the employer." (Pl. Mem. at 9). Adhering to this framework for federal law, Quintero then presented evidence in an attempt to establish a prima facie case of discrimination under the ADA.

Though Quintero did not say as much, the McDonnell Douglas burden-shifting framework also applies to claims brought under the NYSHRL. See, e.g., Dawson v. Bumble & Bumble, 398 F.3d 211, 216-17 (2d Cir. 2005) (applying burden-shifting framework to NYSHRL discrimination claims). Yet, as described in the Opinion, see Quintero, 2011 WL 5529818, at *18, with the exception of a single reference to the New York Executive Law on the final page of her Rule 56.1(a) Counterstatement of Facts (see Plaintiff's Rule 56.1 Counterstatement of Facts, dated May 23, 2011 ¶ 11 (Dkt. No. 37)), Quintero failed to otherwise mention, let alone assert any factual or legal argument to establish a prima facie case under, the NYSHRL (and she has not brought anything else in this regard to the Court's attention in her motion). Quintero's failure to specifically address her claims under the NYSHRL, given Rite Aid's motion for

summary judgment as to the entirety of Quintero's Complaint and her burden to establish a prima facie case, therefore constituted abandonment of her state law claims.

Furthermore, none of the controlling decisions cited in Quintero's motion papers supports a finding that Quintero did not abandon her state law claims. Quintero argues that the Court's finding of abandonment controverts the Second Circuit's statement in Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 242, 244 (2d Cir. 2004) that Rule 56 "does not embrace default judgment principles." But in that case, the court's reversal of a grant of "default" summary judgment was predicated on an unopposed motion for summary judgment and the district court's granting the motion "simply by endorsing the notice of motion and adopting, with slight modifications, [plaintiff's] proposed order as the judgment . . . . without providing any reasoning or discussion of the claims." Id. at 242, 243. Here, by contrast, Rite Aid's motion for summary judgment was by no means unopposed. Quintero submitted an opposition brief, a Rule 56.1 Counterstatement of Facts, three declarations in support of her opposition, and an expert report by a clinical psychologist (all of which, it bears repeating, contained only one reference to New York state law). The Court issued its decision on Rite Aid's motion not by memo endorsement, but in a 38 page written opinion that cited extensive legal authority. Given these distinctions, Quintero's argument that the Court's Opinion amounted to a "default" summary judgment is unavailing.

Quintero also contends that the Court misapplied Blouin ex rel. Estate of Pouliot v. Spitzer, 356 F.3d 348 (2d Cir. 2004), which the Court cited as an example of a case where state law claims were deemed abandoned because the appellant mentioned, but not did present any arguments in support of, those claims. See Quintero, 2011 WL 5529818, at *19. Quintero first attempts to distinguish Blouin on the basis of its procedural posture—that case involved

abandoned claims by an appellant seeking relief, while this case involves abandoned claims by a non-moving party on summary judgment—which, while accurate, does not signify that Blouin is limited solely to abandonment on appeal or by a moving party. Indeed, other courts have cited Blouin just as the Court did here. See, e.g., Smith v. N.Y. City Dep't of Educ., No. 09 Civ. 9256 (DLC), 2011 WL 5118797, at *6 n.8 (S.D.N.Y. Oct. 28, 2011) (under Blouin, defendant entitled to summary judgment on NYSHRL claims because plaintiff's failure to argue against dismissal of those claims constituted abandonment).

Quintero then attempts to distinguish Blouin by asserting that it leads to a finding that Rite Aid, not Quintero, abandoned any argument with respect to the state law claims because both Rite Aid and the appellant in Blouin, only mentioned, but did not discuss, certain claims. Quintero's attempt to invert the abandonment theory, however, ignores the fact that Rite Aid moved for summary judgment under both federal and state law, which was made clear by Rite Aid's citing to the elements of discrimination under New York law in its moving papers. (Def. Mem. at 6). Quintero was therefore obligated to, but did not, respond to these arguments and bear the burden, albeit a minimal one, see Carlton v. Mystic Transportation, Inc., 202 F.3d 129, 134 (2d Cir. 2000), of establishing a prima face case of discrimination under the NYSHRL. Quintero has thus failed to point to any controlling decisions or facts that the Court overlooked in granting summary judgment as to her state law discrimination claims on the basis of abandonment.

Finally, even assuming, arguendo, that Quintero had presented legal arguments in support of her state law discrimination claims, she cannot establish a prima facie case of discrimination under the NYSHRL, but not because Quintero's impairments did not substantially limit a major life activity. Unlike the disability definition under the ADA, the NYSHRL "does not require

[Quintero] to identify a major life activity that is substantially limited by [her] impairment." Reeves v. Johnson Controls World Servs., Inc., 140 F.3d 144, 154 (2d Cir. 1998); see also Phillips v. City of New York, 884 N.Y.S.2d 369, 373 (N.Y. App. Div. 1st Dep't 2009) ("The [NYSHRL] provides protections broader than the [ADA]."); see, e.g., Treglia v. Town of Manilus, 313 F.3d 713, 722-23 (2d Cir. 2002) (remanding state law discrimination claim given variance in "disability" definition between ADA and NYHRL). Rather, Quintero's state law claims would fail because she cannot establish—as she must under both federal and state law—that she suffered from her impairments while she worked at Rite Aid. Compare Simmons v. Woodycrest Ctr. for Human Dev., Inc., No. 10 Civ. 5193 (JSR), 2011 WL 855942, at *4 (S.D.N.Y. Mar. 9, 2011) (summary judgment under NYSHRL appropriate where plaintiff could not demonstrate that she suffered from high-blood pressure during relevant time period) with Frank v. Lawrence Union Free Sch. Dist., 688 F. Supp. 2d 160, 170 (E.D.N.Y. 2010) (plaintiff suffered from obesity, a disability under NYSHRL, during relevant time period). As explained by the Court in the Opinion, see Quintero, 2011 WL 5529818, at *10-12, Quintero failed to submit sufficient evidence for a jury to be able to find that she suffered from either a seizure disorder or a learning disability during the relevant time period.

### III. CONCLUSION

For the reasons stated above, the motion for reconsideration is denied. The Clerk is directed to close docket number 41.

**SO ORDERED.**

Dated: New York, New York
       January 3, 2012

_____
JAMES L. COTT
United States Magistrate Judge

**Copies of this Opinion and Order have been sent by ECF to all counsel of record.**